David G. Geffen, Esq. (SBN 129342)
geffenlaw@aol.com
DAVID GEFFEN LAW FIRM
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115

Attorneys for Plaintiff
RICHARD DONDIEGO

Yvonne Arvanitis Fossati, Esq. (SBN 161764)
arvanity@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
(213) 689-0404
(213) 689-0430 Fax

Hazel U. Poei, Esq. (SBN 214928)
poeih@jacksonlewis.com
JACKSON LEWIS LLP
5000 Birch Street, Suite 5000
Newport Beach, CA 92660
(949) 885-1360
(949) 885-1380 Fax

Attorneys for Defendant
U.S. HEALTHWORKS HOLDING COMPANY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DONDIEGO, | Case No.: CV 12-6042-MWF (JEMx) |
| Plaintiff, vs. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION |
| U.S. HEALTHWORKS HOLDING COMPANY, INC., a corporation; and Does 1-10, inclusive, | |
| Defendant. | Complaint Filed: July 13, 2012 |

Case No.: CV 12-6042-MWF (JEMx)     1     STIPULATION AND [PROPOSED] PROTECTIVE ORDER

TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:

Plaintiff Richard Dondiego ("Plaintiff"), on the one hand, and Defendant U.S. HealthWorks Holding Company, Inc., on the other hand, including, but not limited to its parent corporation, affiliates, subsidiaries, and divisions (hereinafter referred to collectively as "USHW")[1] move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2 below). Both Parties have and hereby do represent that they have taken steps to protect certain documents and information potentially subject to disclosure through informal or formal discovery or otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade secret. The Parties wish to ensure that both Parties are in a position to produce all responsive documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraph 3 below containing:

    a. information concerning USHW's employee payment structures and incentive compensation plans, including but not limited to incentive

---

[1] Plaintiff and USHW are hereinafter referred to jointly as the "Parties."

summaries and all information used to calculate commissions and other incentive payments to USHW's current and former employees;

b. information concerning USHW's compensation ranges or structures for current and former employees and criteria for performance evaluation;

c. information pertaining to USHW's clients, including but not limited to contact information of decision makers and other relevant individuals associated with USHW's clients and client preferences;

d. medical records and other information referencing USHW's patients;

e. personnel records, including compensation history, performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of USHW's current and former employees;

f. reports related to prescribing information and prescription trends;

g. information and materials related to USHW's sales and marketing efforts;

h. USHW's sales training materials;

i. proprietary and confidential financial information relating to USHW; and

j. Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

3. <u>Confidential Designation</u>.

USHW, Plaintiff, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any document, deposition testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 4, 5, and 6. The Parties

shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" and shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit A.

4. <u>Limitations on Access to Documents Designated "CONFIDENTIAL."</u> Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Material designated as "CONFIDENTIAL" shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose its own Confidential Information. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

    a. The Parties (including any officer, director, employee or agent of USHW who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), counsel for the Parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

    b. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party

for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

 c. Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

 d. Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

 e. Witnesses at any deposition or other proceeding in this action.

5. <u>Limitations on Access to Documents Designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL."</u>

"COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL", or copies thereof, may be reviewed by the Parties to this litigation, officers and current employees of the Parties to this litigation to whom they are produced (only to the extent that they are responsible for the prosecution and/or defense of this litigation, are actual or potential witnesses, or whose knowledge of such information is otherwise necessary to enable the Parties to prosecute or defend this action, or to engage in appellate proceedings herein), but may not be held in the possession of the Party to whom it is produced.

"COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL" may only be held in the possession of the following persons and is subject to the following conditions:

 a. Counsel of record for the Parties in this litigation, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

b.  Independent experts and consultants employed, consulted or retained in the litigation by a Party or the attorneys for a Party to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the litigation; provided, however, that the experts or consultants to whom such possession is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

c.  Deposition reporters and their support personnel for purposes of preparing deposition transcripts; provided, however, that those to whom such possession is permitted shall, prior to such possession, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

d.  The court, case manager, reporters, or other personnel assigned to this litigation;

e.  Any discovery referee or similar individual who may be assigned to this litigation.

The following persons may be shown but not given possession of documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL":

f.  Any witness in a deposition in this litigation, where documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL" is relevant to the subject matter the deponent would be likely to have knowledge; provided, however, that any such witness shall, prior to any disclosure or access, be advised of the provisions of this Protective order and shall be instructed to comply with it;

g.  The author(s), sender(s), addressee(s) and copy recipient(s) of the documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL";

      h.    Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

6.    <u>Limitations on Access to Documents Designated "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL."</u>

Unless otherwise ordered by the Court or permitted in writing by the designating party, access to "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information or material shall be limited to:

      a.    Outside counsel of record in this litigation for the Party receiving the materials, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

      b.    The Court and its personnel;

      c.    Reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

      d.    Any other person(s) only with the express written permission of the producing/designating Party, which shall not be unreasonably withhold to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A.

7.    <u>Designation of Confidential Material</u>.

Designation as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a document as "CONFIDENTIAL, " COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL

MATERIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by Bates Numbers.

8. **Designation of Deposition Testimony as Confidential.**

Plaintiff, USHW or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by stating on the record at the deposition, or in writing within 30 days after the receipt of the deposition transcript, that specified testimony is confidential. During the interim 30 day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

9. **Designation of Discovery Responses as Confidential.**

Plaintiff, USHW, or any third party as to information given by that party in response to information requests, may designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL."

10. <u>Use of Confidential Documents or Information in Court Filings.</u>

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers as well as an unredacted version conditionally under seal.

11. <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers.</u> "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition or other proceeding in this action unless and until such person is given a copy of Exhibit B to this Order. Upon receipt of Exhibit B, which recites this Order's restriction on the use of "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, the expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition or other proceeding will become bound by this Order.

12. <u>Limitation on Copies of Confidential Information.</u>

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information or material than are reasonably necessary to conduct this litigation.

13. Storage of Confidential Information.

Except as otherwise provided for in this Protective Order in Paragraph 4(a)-(e) and 5, all "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information and material shall remain in the possession of counsel for the respective Parties or their experts or consultants (after compliance with Paragraph 11) and be stored in a secure place.

14. Challenge to Confidential Designation.

If Plaintiff, USHW, or any third party objects to the designation of any document, testimony, information, or material, the Parties, in compliance with Local Rule 37-1, shall attempt to resolve the dispute in good faith on an informal basis. If the Parties are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, in compliance with Local Rule 37-2, the objecting party may apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as described in Paragraphs 4, 5, or 6 under Fed. R. Civ. P. 26(c). If the objecting party files a timely motion, the material shall continue to be remain protected under the terms of the Protective Order until the Court rules on such motion.

15. Return of Confidential Information Upon Resolution of the Lawsuit.

Upon termination of this litigation, all originals and copies of "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to counsel for the producing party(ies) or destroyed, except that counsel for the Parties may keep one copy of such documents, testimony, information, or material for their records. If "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL

MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information, or material (and all summaries thereof) is destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing party(ies) that said documents have been destroyed within 10 days of termination of this litigation.

16. <u>Additional or Different Protection for Confidential Information.</u>

Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. <u>Modification.</u>

This Protective Order may be modified by the Court at any time for good cause shown following notice to both Parties and an opportunity for them to be heard. This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

It is so stipulated.

Dated: May __, 2013        DAVID GEFFEN LAW FIRM

By: _____
David G. Geffen
Attorneys for Plaintiff
RICHARD DONDIEGO

Dated: May 14, 2013        JACKSON LEWIS LLP

By: _____
Yvonne Arvanitis Fossati
Hazel U. Poei
Attorneys for Defendant
U.S. HEALTHWORKS HOLDING COMPANY, INC.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CASE NAME: RICHARD DONDIEGO V. U.S. HEALTHWORKS, INC.

CASE NUMBER: CV12-6042-MWF (JEMx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5000 Birch Street, Suite 5000, Newport Beach, California 92660.

On May 14, 2013, I served the foregoing document(s) described as:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Attorneys for Plaintiff
David G. Geffen, Esq. (SBN 129342)
DAVID GEFFEN LAW FIRM
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115
geffenlaw@aol.com

[XX] **BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address: melanie.eyler@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[XX] **FEDERAL** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 14, 2013, at Newport Beach, California.

_____
Melanie Eyler

4824-1138-8944, v. 1

Case No: CV12-6042-MWF (JEMx)   1   PROOF OF SERVICE

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1. My name is_____.

2. I have read the Protective Order (the "Order) that has been entered in the matter of *Richard Dondiego v. U.S. HealthWorks Holding Company, Inc. et al.*, USDC Case No. CV 12-6042-MWF (JEMx), a copy of which has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this _____ day of _____, 201__, at _____.

_____
Signature

Affiliation:
_____

Business Address:
_____

Home Address:
_____

DATED this ____ day of _____, 201__.

# EXHIBIT B

## NOTICE OF PROTECTIVE ORDER

1. You are being provided with a copy of this Notice of Protective Order ("Notice") to advise you that a Protective Order ("Order") has been entered in the matter of *Richard Dondiego v. U.S. HealthWorks Holding Company, Inc. et al.*, USDC Case No. CV 12-6042-MWF (JEMx). By order of the Court, you are bound by the Order upon receipt of this Notice.

2. The purpose of the Order is to ensure that both Parties in this action are in a position to produce documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.

3. Accordingly, pursuant to the Order, any documents which you receive and/or review which are designated as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Confidential Information shall not be used in any other lawsuit, action, or other matter.

# [PROPOSED] ORDER

Having reviewed the foregoing Protective Order, and for good cause shown, the Court hereby makes the Protective Order an Order of the Court.

IT SO ORDERED.

Dated: May 16, 2013

Hon. John E. McDermott
Magistrate Judge

4829-8447-3617, v. 2